Filed 1/10/23  Byron K. v. Superior Court CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| BYRON K.,<br><br>Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF STANISLAUS COUNTY,<br><br>Respondent;<br><br>STANISLAUS COUNTY COMMUNITY SERVICES AGENCY<br><br>Real Party in Interest. | F085268<br><br>(Super. Ct. Nos. JVDP-22-000014, JVDP-22-000157)<br><br>**OPINION** |

## THE COURT[*]

ORIGINAL PROCEEDINGS; extraordinary writ petition.  Ann Q. Ameral, Judge.

Byron K., in pro. per., for Petitioner.

No appearance for Respondent.

Thomas E. Boze, County Counsel, and Sophia Ahmad, Deputy County Counsel, for Real Party in Interest.

-ooOoo-

---

[*]    Before Levy, Acting P. J., Poochigian, J. and Detjen, J.

Byron K. II (father) seeks an extraordinary writ (Cal. Rules of Court, rule 8.450–8.452)**1** from the juvenile court's order setting a Welfare and Institutions Code section 366.26**2** hearing for January 17, 2023, as to his now 22-month-old daughter, G.K., and five-month-old son, B.K. III (B.K.). A.L., the children's mother (mother) did not file a writ petition.

At a combined hearing on September 20, 2022, the juvenile court terminated father's reunification services for G.K. pursuant to a modification petition (§ 388) and denied him reunification services for B.K. (§ 361.5, subd. (e)(1)) because he was incarcerated with an eligibility for parole date that exceeded the maximum allowable time to reunify. Father contends the court's rulings were error because he is eligible for early release. We deny the petition.

### PROCEDURAL AND FACTUAL BACKGROUND

In February 2022, the Stanislaus County Community Services Agency (agency) was notified that mother was arrested because she was driving a stolen car with then 11-month-old G.K. She also had an outstanding warrant from a previous stolen vehicle charge. She admitted to the arresting officer that she was under the influence of Fentanyl and was pregnant. She and father were married, and he was incarcerated awaiting trial on charges of domestic violence against mother. G.K. was taken into protective custody and placed in foster care.

Father denied the domestic violence charges and stated he had been working full-time and trying to get G.K. and his two-year-old daughter, Genesis**3**, out of mother's care because he believed mother was using methamphetamine. He wanted G.K. placed

---

**1** Rule references are to the California Rules of Court.

**2** Statutory references are to the Welfare and Institutions Code unless otherwise indicated.

**3** Genesis is not a subject of this petition.

2.

with his mother. He did not know Genesis' whereabouts. Genesis was found safe in the care of her paternal grandmother and allowed to remain there.

The agency filed an original dependency petition, alleging the parents placed G.K. at a substantial risk of physical harm and/or neglect because mother abused drugs (methamphetamine and Fentanyl), the parents engaged in domestic violence, mother lost custody of two other children in 2012 and 2016 because of her drug use and failed to reunify, and the parents were incarcerated and unable to provide G.K. support. (§ 300, subds. (b)(1), (g) & (j).)

On February 14, 2022, mother appeared in custody at the detention hearing. Father was not transported because he was in quarantine at the jail. The juvenile court appointed counsel for the parents, found prima facie evidence that G.K. was a minor described under section 300, and ordered a hair follicle test for G.K. The court also ordered supervised visits for the parents upon their release from custody and continued the matter for a jurisdiction and disposition hearing on March 28, 2022 (combined hearing). Mother was provided referrals for services and father was provided parenting packets and information on how to engage in services while incarcerated.

The results of G.K.'s hair follicle test yielded positive metabolites for marijuana, THC (tetrahydrocannabinol), cocaine, amphetamine, methamphetamine and heroin (acetylmorphine). According to the doctor at the testing facility, the levels were "quite high."

The combined hearing was continued and set as a contested hearing on April 28, 2022. In its report for the hearing, the agency recommended the juvenile court deny mother reunification services because she failed to reunify with G.K.'s siblings (§ 361.5, subd. (b)(10) & (11)) and was incarcerated with no known release date. (§ 361.5, subd. (e)(1).) The agency recommended against reunification services for father because he was pending trial and facing a lengthy prison sentence. (§ 361.5, subd. (e)(1).)

3.

Prior to the hearing, the agency filed an addendum report recommending an additional basis for denying mother reunification services because of her conviction of a violent felony (robbery pursuant to Pen. Code, § 211) on April 11, 2022. (§ 361.5, subd. (b)(12).) Attached was the police report detailing the circumstances of father's arrest for domestic violence. While father denied the charges, claiming mother fabricated them to get him arrested, mother described a brutal attack in which father threatened to kill her and savagely beat her in front of Genesis and G.K. Mother had a swollen upper lip, bruises on the inside of her left and right arms, a swollen right wrist and bruising on the right side of her abdomen.

Mother testified at the contested, combined hearing on April 28, 2022, and father made an offer of proof that he denied the domestic violence allegations and anticipated his charges would be dropped at a preliminary hearing scheduled for May 23, 2022. The juvenile court sustained the allegations in the dependency petition, removed G.K. from parental custody and denied mother reunification services on the statutory bases recommended with the exception of section 361.5, subdivision (e)(1).[4] The court declined to deny father reunification services without knowing his release date and ordered him to participate in counseling, parenting, domestic violence and substance abuse services available to him at his place of incarceration. A six-month review hearing was set for October 13, 2022.

On May 23, 2022, father pled guilty (infliction of corporal injury on a spouse or cohabitant pursuant to Pen. Code, § 273.5, subd. (a)) and was sentenced to four years in prison. He is not eligible for parole until November 2023.

On July 1, 2022, counsel for G.K. filed a modification petition under section 388 (section 388 petition), asking the juvenile court to terminate father's reunification

---

[4] Mother challenged the denial of reunification services on appeal and we affirmed. (*In re G.K.* (Dec. 19, 2022, F084310) [nonpub. opn.].)

services and set a section 366.26 hearing in light of his prison sentence. The juvenile court set a hearing on the section 388 petition and continued it to August 26, 2022.

Meanwhile, in July 2022, mother gave birth to B.K., who was placed in foster care following his discharge from the hospital. The agency filed an original dependency petition, seeking his removal on the same grounds alleged in G.K.'s petition with added allegations regarding father's extensive criminal history and the status of G.K.'s open dependency case.

B.K. was detained pursuant to the petition and a jurisdiction and disposition hearing was scheduled for August 26, 2022. The agency recommended the juvenile court deny father reunification services under section 361.5, subdivision (e)(1) and mother services under section 361.5, subdivision (b)(7), (10) and (11).

In a handwritten statement attached to the agency's report, father asked the juvenile court not to return the children to mother's custody. In another letter he claimed to be innocent of the domestic violence charges. He took the plea deal because he faced 25 years if he went to trial, and he did not trust a jury to make the right decision.

At father's request, a contested jurisdiction and disposition hearing regarding B.K. was set for September 20, 2022, and combined with the hearing on the section 388 petition. Mother was not present at the hearing. Counsel for the agency made an offer of proof that father's eligibility for parole remained November 2023. Father's attorney made an offer of proof that father had been delayed in starting services in prison because he was in reception. In addition, father believed his parole date would be earlier when his credits were calculated. He planned on completing the substance abuse program and could be released on an ankle monitor. He had already been accepted to the Gospel Mission's New Life Program in Modesto. Father's attorney argued that allowing father to reunify would not be detrimental to B.K. because B.K. was placed with his paternal grandmother.

The juvenile court granted the section 388 petition, finding father's prison sentence was a change in circumstances and it was in G.K.'s best interest to discontinue reunification efforts. The court adjudged B.K. a dependent child as alleged in the petition, ordered him removed from parental custody, denied the parents reunification services, and set a section 366.26 hearing as to both children for January 17, 2023.

## DISCUSSION

Recognizing the importance of permanency for children, the Legislature placed a limit on the duration of reunification services depending on the age of the child when initially removed from parental custody. For children who were under the age of three years when initially removed, the juvenile court may terminate reunification services six months after the dispositional hearing. (§§ 361.5, subd. (a)(1)(B) & 366.21, subd. (e)(1).)

The Legislature also enacted statutes that allow for the denial of reunification services in some cases. (§ 361.5, subds. (b) & (e)(1).) Relevant to this case is section 361.5, subdivision (e)(1), which allows the juvenile court to deny reunification services if the parent is incarcerated and the court determines by clear and convincing evidence providing reunification services would be detrimental to the child. In assessing detriment, the court must consider the age of the child, the degree of parent-child bonding, the length of the sentence, the length and nature of the treatment, the nature of the crime, the degree of detriment to the child if services are not offered, the likelihood of the parent's discharge from incarceration within the reunification time limitations described in section 361.5, subdivision (a) and any other appropriate factors. (§ 361.5, subd. (e)(1).)

Finally, the Legislature allows for the early termination of reunification services under section 388 if it appears that a change of circumstance or new evidence exists that satisfies a condition set forth in subdivision (b) or (e) of section 361.5, which justifies

6.

termination of reunification services, or the action or inaction of the parent creates a substantial likelihood that reunification will not occur. (§ 388, subd. (c)(1)(A)–(B).)

We review the juvenile court's order denying reunification services under substantial evidence based on the evidence before it. (*Francisco G. v. Superior Court* (2001) 91 Cal.App.4th 586, 600.) We review the court's decision granting or denying a section 388 petition for an abuse of discretion. (*In re Katelynn Y.* (2012) 209 Cal.App.4th 871, 881.)

Here, the children were under the age of three years when they were taken into protective custody; G.K. was 11 months old in February 2022 when mother was arrested and B.K. was removed at birth in July 2022. Thus, the time in which father had to reunify was very limited given their young ages. As father aptly points out, the juvenile court's decisions to terminate his reunification efforts as to G.K. and deny him reunification services for B.K. at the combined hearing on September 20, 2022, were based on his anticipated parole date in November 2023 and rightly so. Father had more than a year left to serve his prison sentence, which precluded him from reunifying with the children within the statutory time limit. Further, there was no evidence terminating father's reunification services in G.K.'s case and denying him services in B.K.'s would be detrimental to the children, given their infancy and lack of parent-child bonding. Rather, under the circumstances, their interests were best served by setting the matter to select a permanent plan under section 366.26.

In ruling, the juvenile court considered the assertion father makes in his writ petition, i.e., that he was pursuing programs which could result in an earlier release. Nevertheless, the evidence before the court at the time of the hearing was that father's parole date remained November 2023.

We conclude substantial evidence supported the juvenile court's order denying father reunification services as to B.K. under section 361.5, subdivision (e)(1) and we

7.

find no abuse of discretion in the court's granting of the section 388 petition and terminating his reunification services as to G.K.

## DISPOSITION

The petition for extraordinary writ is denied. This court's opinion is final forthwith as to this court pursuant to rule 8.490(b)(2)(A).